## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CELLPORT SYSTEMS, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>PORSCHE CARS NORTH AMERICA INC.,<br><br>　　　　　　　　　Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cellport Systems, Inc. ("Cellport" or "Plaintiff"), by its undersigned counsel, brings this action against Porsche Cars North America Inc. ("PCNA" or "Defendant") for infringement of U.S. Patent Nos. 6,341,218 (the "'218 patent") and 6,377,825 (the "'825 patent") for monetary damages and injunctive relief associated with that infringement. Plaintiff alleges the following facts upon actual knowledge for itself and its own acts and upon information and belief as to all other matters.

### THE PARTIES

1. Cellport is a Colorado corporation having its corporate offices and principal place of business at 4900 Pearl East Circle, Suite 200E, Boulder, Colorado 80301. Cellport is in the business of researching, developing, manufacturing, and selling accessories related to wireless communications.

2. Upon information and belief, PCNA is an American corporation have a place of business at 980 Hammond Drive, Suite 1000, Atlanta, Georgia 30328. Upon information and

belief, PCNA is the exclusive importer, marketer, and distributor of Porsche automobiles in the United States.

## JURISDICTION AND VENUE

3. This patent infringement action arises under 35 U.S.C. §§ 271(a) and (b). Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

5. This action arises out of the transaction of business, commission of injury and other activities of Defendant within the District of Maryland and elsewhere. Upon information and belief, Defendant, either individually or in concert with others, has conducted business within this judicial district, committed within this judicial district and elsewhere the unlawful acts complained of herein, and is therefore subject to personal jurisdiction in the State of Maryland and this Court.

## COUNT I FOR INFRINGEMENT OF THE '281 PATENT

6. On January 22, 2002, the United States Patent and Trademark Office duly and legally issued to Cellport United States Letters Patent No. 6,341,218 ("the '218 patent"), entitled "Supporting and Connecting a Portable Phone." Since the date of issuance, Cellport has been and remains the owner of all rights, title, and interest in and to the '218 patent.

7. Upon information and belief, PCNA has been, and still is, infringing, contributing to the infringement and/or inducing the infringement of the '218 patent by offering for sale, selling, or using in the United States, and/or importing into the United States, automobiles containing cell phone cradles that infringe the '218 patent. Upon information and belief, the infringing cell phone cradles were supplied to PCNA by Henryk Bury Mielec Sp.z.o.o., a Polish

corporation, Bury GmbH & Co. KG, a German corporation, and/or THB USA, Inc., an American corporation.

8. On information and belief, PCNA's infringement of the '218 patent has been and continues to be willful, without license or excuse, and with full knowledge of the '218 patent.

9. Plaintiff Cellport has been repeatedly injured and damaged by PCNA's infringing activities and unless enjoined by this Court, PCNA's continued acts of infringement of the '218 patent will cause further substantial and irreparable harm to Cellport.

10. Cellport accordingly is entitled to the relief requested below.

## COUNT II FOR INFRINGEMENT OF THE '825 PATENT

11. On April 23, 2002, the United States Patent and Trademark Office duly and legally issued to Cellport United States Letters Patent No. 6,377,825 ("the '825 patent"), entitled "Hands-Free Wireless Communication in a Vehicle." Since the date of issuance, Cellport has been and remains the owner of all rights, title, and interest in and to the '825 patent.

12. Upon information and belief, PCNA has been, and still is, infringing, contributing to the infringement, and/or inducing the infringement of the '825 patent by offering for sale, selling, or using in the United States, and/or importing into the United States, automobiles containing cell phone cradles that infringe the '218 patent. Upon information and belief, the infringing cell phone cradles were supplied to PCNA by Henryk Bury Mielec Sp.z.o.o., a Polish corporation, Bury GmbH & Co. KG, a German corporation, and/or THB USA, Inc., an American corporation.

13. On information and belief, PCNA's infringement of the '825 patent has been and continues to be willful, without license or excuse, and with full knowledge of the '825 patent.

3

14.     Plaintiff Cellport has been repeatedly injured and damaged by PCNA's infringing activities and unless enjoined by this Court, PCNA's continued acts of infringement of the '825 patent will cause further substantial and irreparable harm to Cellport.

15.     Cellport accordingly is entitled to the relief requested below.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

(i)     adjudging that Defendant, pursuant to 35 U.S.C. § 271, has infringed one or more claims of the '218 patent;

(ii)    adjudging that Defendant, pursuant to 35 U.S.C. § 271, has infringed one or more claims of the '825 patent;

(iii)   preliminarily and permanently enjoining Defendant, its officers, directors, agents, employees, successors and assigns, and any persons acting in concert or privity with it, from engaging in any further activities that infringe the '218 and/or '825 patents;

(iv)    ordering the recall of all existing products of Defendant that infringe the '218 and/or '825 patents;

(v)     awarding Plaintiff damages in accordance with 35 U.S.C. § 284 adequate to compensate for Defendant's infringement, including lost profits but in no event less than a reasonable royalty;

(vi)    ordering an accounting to determine the proper amount of such damages;

(vii)   awarding Plaintiff treble damages pursuant to 35 U.S.C. § 284 due to Defendant's willful infringement;

(viii)  awarding Plaintiff pre-judgment interest on all damages awarded;

(ix)    awarding Plaintiff its costs and disbursements in this action, including reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

(x)     ordering such other and further relief that this Court deems just and proper.

## JURY DEMAND

Cellport hereby demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

Date:   January 31, 2005              By:    _____
                                             Victor N. Balancia (MD Bar No. 15764)
                                             Carl P. Bretscher (MD Bar No. 15611)
                                             Kent E. Basson
                                             Morgan Lewis & Bockius LLP
                                             1111 Pennsylvania Avenue, N.W.
                                             Washington, D.C. 20004
                                             Telephone: (202) 739-3000
                                             Facsimile: (202) 739-3001

                                             *Attorneys for Cellport Systems, Inc.*