UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CELLPORT SYSTEMS, INC.<br><br>        Plaintiff,<br><br>        v.<br><br>PORSCHE CARS NORTH AMERICA INC.<br><br>        Defendant. | Civil Action No. 1:05-CV-00285 (MJG)<br><br>**Jury Trial Demanded** |

**DEFENDANT PORSCHE CARS NORTH AMERICA INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Porsche Cars North America Inc. ("Defendant" or "PCNA"), by its attorneys Fish & Richardson P.C., hereby responds to the Complaint of Cellport Systems, Inc. ("Plaintiff" or "Cellport"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows.

PCNA denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. PCNA denies that Cellport is entitled to the relief requested or any other.

**PARTIES**

1. PCNA is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore denies the same.

2. PCNA admits the allegations of the first sentence of paragraph 1, and further admits that it is the exclusive importer and distributor of Porsche® automobiles in the United States. PCNA denies the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3.       PCNA denies that there has been patent infringement under 35 U.S.C. § 271(a) or active inducement of patent infringement under 35 U.S.C. § 271(b), but admits that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.  PCNA further admits that subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

4.       PCNA admits that this suit may be brought in this judicial District, but otherwise denies the allegations of paragraph 4.

5.       PCNA admits that it has conducted business in this judicial District, but denies the remaining allegations of paragraph 5.

## COUNT I FOR ALLEGED INFRINGEMENT OF THE '281 PATENT

6.       PCNA admits that U.S. Patent No. 6,341,218 ("the '218 patent") is entitled "Supporting And Connecting A Portable Phone" and was issued by the United States Patent and Trademark Office on January 22, 2002.  PCNA denies that the '218 patent was duly and legally issued by the United States Patent and Trademark Office.  PCNA is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 6, and therefore denies the same.

7.       PCNA admits that it has purchased cell phone cradles from Henryk Bury in Poland, but denies the remaining allegations of paragraph 7.

8.       PCNA denies the allegations of paragraph 8.

9.       PCNA denies the allegations of paragraph 9.

10.     PCNA denies the allegations of paragraph 10.

## COUNT II FOR ALLEGED INFRINGEMENT OF THE '825 PATENT

11. PCNA admits that U.S. Patent No. 6,377,825 ("the '825 patent") is entitled "Hands-Free Wireless Communication In A Vehicle" and was issued by the United States Patent and Trademark Office on April 23, 2002. PCNA denies that the '825 patent was duly and legally issued by the United States Patent and Trademark Office. PCNA is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 11, and therefore denies the same.

12. PCNA admits that it has purchased cell phone cradles from Henryk Bury in Poland, but denies the remaining allegations of paragraph 12.

13. PCNA denies the allegations of paragraph 13.

14. PCNA denies the allegations of paragraph 14.

15. PCNA denies the allegations of paragraph 15.

## AFFIRMATIVE DEFENSES

Defendant PCNA, as its Affirmative Defenses to the Complaint of Cellport, states as follows:

### First Affirmative Defense

16. PCNA does not infringe and has not infringed any claims of the '218 patent, either directly or indirectly, including by active inducement.

17. PCNA does not infringe and has not infringed any claims of the '825 patent, either directly or indirectly, including by active inducement.

**Second Affirmative Defense**

18. The claims in the '218 patent are invalid for failure to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.

19. The claims in the '825 patent are invalid for failure to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.

**Third Affirmative Defense**

20. The '218 patent is unenforceable against PCNA and its supplier, including pursuant to the doctrines of waiver, laches, estoppel, and unclean hands.

21. The '825 patent is unenforceable against PCNA and its supplier, including pursuant to the doctrines of waiver, laches, estoppel, and unclean hands.

**Prayer for Relief**

Wherefore, PCNA prays as follows:

A. That Cellport take nothing by reason of its Complaint;

B. That the Court enter judgment against Cellport and in favor of PCNA and that Cellport's complaint be dismissed with prejudice;

C. That the Court enter judgment that PCNA does not infringe, either directly or indirectly, any claim of the '218 patent;

D. That the Court enter judgment that PCNA does not infringe, either directly or indirectly, any claim of the '825 patent;

  E. That the Court enter judgment that the claims of the '218 patent are invalid;

  F. That the Court enter judgment that the claims of the '825 patent are invalid;

  G. That the Court enter judgment that the claims of the '218 patent are unenforceable;

  H. That the Court enter judgment that the claims of the '825 patent are unenforceable;

  I. That the Court enter judgment that this case is an exceptional case under 35 U.S.C. § 285, and enter judgment awarding PCNA its costs and reasonable attorneys' fees; and

  J. That the Court grant PCNA whatever further relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PCNA hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated:  March 30, 2005

/s/
Andrew R. Kopsidas, Esq. (Bar No. 16057)
FISH & RICHARDSON P.C.
1425 K Street, N.W.
Suite 1100
Washington, D.C.  20005
Telephone:  (202) 783-5070
Facsimile:  (202) 783-2331
E-mail:  ark@fr.com

Of Counsel:

Kurt L. Glitzenstein, Esq. (admitted *pro hac vice*)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
Telephone:  (617) 542-5070
Facsimile:  (617) 542-8906
E-mail:  klg@fr.com

Attorneys for Defendant
PORSCHE CARS NORTH AMERICA INC.